AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

United States of America
v.

Wilmer Rodriguez Hernandez

*Defendant(s)*

Case No. 1:26-mj-520

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 9, 2026 in the county of Hamilton in the Southern District of Ohio, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(b)(2) | Reentry of Removed Aliens |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Logan Feliciano, Deportation Officer - ICE
*Printed name and title*

Sworn to before me and signed in my presence.
via FaceTime video

Date: 6/25/2026

*Judge's signature*

City and state: Cincinnati, Ohio

Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**Wilmer RODRIGUEZ HERNANDEZ** | **Criminal No.** 1:26-mj-520 |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Logan K. Feliciano, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Deportation Officer with Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) division. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") and I have received specialized training in establishing alienage and removability of foreign-born citizens. I also have extensive knowledge of, and experience reviewing, Alien files ("A-files") which also facilitates my determination of whether a person is present in the United States unlawfully. An A-file is a collection of documents pertaining to a known alien maintained by Citizenship and Immigration Services, which contains, among other information, records from any prior removal from the United States and the reason for such removal. The documents, including fingerprint records of the alien, are placed in the A-file by representatives of the Department of Homeland Security as well as other agencies. Through my training and experience, my duties include identifying aliens present in the United States both lawfully and unlawfully.

2. This affidavit is submitted in support of a criminal complaint and arrest warrant charging the above named defendant with violating 8 U.S.C § 1326(b)(2) in that, on or about **May 9, 2026**, the above named defendant was found in the United States, specifically in **Cincinnati**, Ohio, which is located in the

Southern District of Ohio, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States, after having been denied admission, excluded, deported, or removed from the United States.

3. This affidavit is based on information obtained by me, information conveyed to me by other law enforcement officers, and a review of evidence, records, and documents obtained during the course of the investigation. This affidavit contains the information necessary to establish probable cause but does not include each and every fact known to me or known to the government.

4. On May 6, 2026, law enforcement officers authorized to enforce Title 8 of the United States Code were notified that Rodriguez had been arrested by the Cincinnati Police Department for Drug Possession. The officers interviewed the defendant telephonically, establishing both identity and alienage. In this interview, the defendant admitted to being an alien present in the United States without having been admitted.

5. On **May 9, 2026**, after the defendant posted bond from the Hamilton County Sheriff's Office law enforcement officers authorized to enforce Title 8 of the United States Code, arrested the defendant at the Hamilton County Jail, in Cincinnati, OH for his civil immigration violations, took his fingerprints, and interviewed him further.

6. When further interviewed, the defendant acknowledged that the defendant had unlawfully re-entered the United States after prior deportation.

7. ICE ERO officers later submitted the defendant's fingerprints to ICE databases, which confirmed a match to **Wilmer RODRIGUEZ HERNANDEZ**, a native and citizen of **Honduras**, and not a citizen of the United States.

8. ICE database queries using the defendant's fingerprints reveal that the defendant has been encountered by varying law enforcement agencies under numerous aliases. His known aliases are Luis

Enrique Calix, Victor Manuel Hernandez-Vaquez, Juan Carlos Hernandez, Victor Hernandez, Victor Manuel Hernandez, Victor Vasquez Hernandez, Wilmer Hernandez, Juan C Herrera, Juan Herrera Hernandez, Juan Carlos Herrera Hernandez, Juan Carlos Herrera, X Juan, Jose Quiroz, Jose Martir Quiroz, Wilmer Rodriguez Hernandez, Wilmer Rodriguez, Victor Manuel Vasquez, Jose Velasquez, and Alex Humberto Quiroz Velasquez.

9. Federal records checks tied to the defendant's fingerprints revealed that the subject has been convicted of multiple crimes. On February 22, 2005, the Roanoke City Circuit Court in Roanoke City, VA convicted the defendant of Grand Larceny and sentenced him to two years' incarceration (CR04-1297, VA Code 18.2-95). This conviction is considered an aggravated felony under 8 USC 1101(a)(43). On August 9, 2007, the US District Court for the Southern District of Kentucky convicted the defendant of Re-Entry of a Removed Alien and sentenced him to 24 months' imprisonment (6:07-CR-32-001-KKC, 8 USC 1326(a)). On February 7, 2012, the US District Court for the Western District of Virginia convicted the defendant of Re-entry of Removed Alien and sentenced him to 33 months' imprisonment (DVAW712CR000049-001, 8 USC 1326(a) and (b)).

10. Department of Homeland Security records connected to the defendant's fingerprints indicate that the defendant has been encountered and removed from the United States multiple times. On June 21, 1999, the US Border Patrol encountered the defendant near Naco, Arizona, and granted him Voluntary Return, a type of discretionary relief in which the defendant was escorted back across the US border without formal charges being filed. On June 24, the US Border Patrol encountered the defendant again, near Naco, Arizona, and granted Voluntary Return again. On December 21, 2005, US Immigration and Customs Enforcement encountered and arrested the defendant in Columbus, North Carolina, and issued him a Notice to Appear, a charging document for civil immigration violations, which placed the defendant in removal proceedings before the Department of Justice's Executive Office for Immigration Review. In

these proceedings, on January 26, 2006, an immigration judge in Atlanta, Georgia ordered the defendant removed from the United States. The defendant's first formal removal took place on February 7, 2006, from Laredo, Texas. On March 2, 2007, ICE encountered and arrested the defendant again in London, Kentucky, due to his illegal presence in the US after having been removed. ICE reinstated the defendant's prior removal order and prosecuted the defendant for 8 USC 1326. After being convicted and serving his sentence, the defendant was removed from the US on December 16, 2008, from Laredo, Texas. On February 6, 2012, ICE encountered and arrested the subject again in Dublin, VA, due to his illegal presence in the US after having been removed. ICE again reinstated the prior removal order and prosecuted the defendant for 8 USC 1326. After being convicted and serving his sentence, the defendant was removed from the US on April 16, 2015, from Alexandria, Louisiana.

11. On May 11, 2026, I queried relevant ICE and DHS databases, which revealed that the defendant has made no applications for re-admission to the United States.

## CONCLUSION

Based upon the foregoing, I submit there is probable cause to conclude that on or about **May 9, 2026**, the above named defendant, an alien, was found in the United States, at a location within the Southern District of Ohio, after having been denied admission, excluded, deported, or removed from the United States and having not obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(b)(2).

**Logan Feliciano**
Deportation Officer
Immigration and Customs Enforcement

Received by reliable electronic means and sworn and attested to by telephone on

June 25, 2026

Karen L. Litkovitz

The Honorable Karen L. Litkovitz
United States Magistrate Judge